CITY OF KINGSPORT et al., Appellees. v. DR. ELERY A. LAY, Appellant.—459 S.W.2d 786.

Eastern Section. June 15, 1970.

Certiorari Denied by Supreme Court November 2, 1970.

146

Todd & Dossett, Kingsport, for appellant.

W. E. Weber, Kingsport, for appellee City of Kingsport.

Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, for appellee Mutual Casualty Ins. Co.

Moore, Stout & Waddell, Kingsport, for appellee Aetna Casualty & Surety Co.

McAMIS, P.J. For many years prior to 1968, Dr. Elery A. Lay was a teacher with tenure rights employed by the Board of Education of the City of Kingsport. In

that year he was elected Assistant Superintendent of Education and assigned to duty as Director of Special Education and Federal Projects Coordinator and on May 20, 1969, he was re-elected to this position for the school year 1969-1970. In June of 1969 he was duly elected to the position of Alderman of the City of Kingsport and was sworn in as an Alderman July 1, 1969, at an annual salary of $250.00.

Conceiving that Dr. Lay might not be eligible to receive compensation for serving in both positions under certain provisions of the City's charter as well as under the common law and statutes of Tennessee, the City of Kingsport along with Charles K. Marsh, City Manager, and E. Lester Shelor, Recorder-Treasurer, filed their declaration in this case for a declaratory judgment to have determined whether petitioners could safely pay Dr. Lay the salary due him in both positions. The petition named as defendants Dr. Lay and the bonding companies on the respective bonds of petitioners Marsh and Shelor, both of whom, it was alleged, might incur a personal liability in event they should mistakenly perform their official duties requiring them to approve all vouchers issued by the City.

Dr. Lay moved for a dismissal on the ground his right to hold the office of Alderman could only be tested in a quo warranto proceeding and that, to render a declaratory judgment, would not settle and determine the rights and obligations of all affected parties. This motion was overruled and Dr. Lay then filed an answer denying generally any conflict between the discharge of his duties in the position of Alderman and his duties as Assistant Superintendent of Education or that he was illegally acting in

either capacity and consequently could not be denied the emolument of either position.

After a full hearing on oral testimony the Judge of the Law Court ruled that Dr. Lay could not serve concurrently in both positions; that the City and its disbursing agents or officials could lawfully pay Dr. Lay's salary as an Alderman but could not lawfully pay his salary as Assistant Superintendent. We assume this choice was on the theory Dr. Lay's election as an Alderman abrogated his existing contract as Assistant Superintendent of Education.

As we understand, Dr. Lay has not been receiving either salary and has continued to serve in both capacities without receiving any compensation or salary. The City concedes its obligation for one or the other and avows its willingness to pay both salaries if ordered to do so by final court order.

From the judgment of the Law Court Dr. Law has appealed and assigned errors. The defendant Surety Companies have filed reply briefs submitting their rights to the protection of the Court.

 We first direct our attention to the insistence the Court erred in entertaining the suit as a declaratory proceeding. It is our opinion there was no error in this ruling.

As will appear hereinafter and as alleged in the petition there was a real and bona fide controversy based upon substantial grounds as to whether Dr. Lay could lawfully receive compensation for acting as Assistant Superintendent and at the same time receive his salary as Alderman. The Charter of the City, Article 10, Section

8, imposed upon Recorder-Treasurer Shelor the duty of auditing payrolls, accounts and claims against the City and provides that no claim against the City shall be paid "unless authorized by law". The Recorder-Treasurer acts under the direction of the City Manager who must also sign City vouchers.

The Declaratory Judgment statute, T.C.A. sec. 23-1103, provides:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Under the allegations of the petition the liability of the City for salaries due Dr. Lay was shown to be in doubt. Its disbursing officials under the Charter could not disburse funds of the City "unless authorized by law". If they disbursed funds not authorized by law they and sureties on their official bonds would have incurred a personal liability.

The state of facts alleged in the bill and shown by the proof under the applicable law it seems to us presented a classic case for a judicial declaration of rights and responsibilities of the petitioners.

"It follows, therefore, from the foregoing authorities, that the only controversy necessary to invoke the action of the court and have it to declare rights under our declaratory judgment statute is that the question must be real, and not theoretical; the person raising it must have

a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought. It is not necessary that any breach should be first committed, any right is invaded or wrong done. The purpose of the act, as expressed in section 12 thereof, is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.' '' Miller v. Miller, 149 Tenn. 463, 467, 487.

This pronouncement of the Court was reiterated in Williams v. American Plan Corp., 216 Tenn. 435, p. 439, 392 S.W.2d 920. We think the jurisdictional prerequisites above outlined are present in this case and that the suit was properly entertained as a suit for a declaratory judgment unless, as insisted, quo warranto is the exclusive remedy available to petitioners.

■ It is our opinion it was not necessary for petitioners to proceed by quo warranto. Certainly the disbursing officials were within their rights in asking the Court to determine their duties and obligations in a declaratory proceeding without instituting quo warranto, appropriate only to testing the right of Dr. Lay to hold the office of Alderman. If the Court in a quo warranto proceeding had determined Dr. Lay was entitled to hold that office the question whether, as the Court in this case apparently held, he forfeited his rights under his contract with the Board of Education would have remained unresolved.

It is next insisted that if the present case be held to be within the Declaratory Judgment Act it can not be entertained as such because the Federal and State governments furnish a portion of the salary of teachers in the

Kingsport school system, including the salary of the Assistant Superintendent, and neither was made a party to this suit. As pointed out in the reply brief this question is being raised for the first time on appeal and, if error, must be considered waived under Rule 12(4) of the Court of Appeals. Additionally, the record shows funds coming from both governments go into the general school fund of the City and are paid out to teachers without regard to the source of such funds. Dr. Lay's contract is with the Board of Education. He receives nothing from the Federal or State government and is not accountable to them in any way.

Turning to a consideration of the merits, it appears the Code of Ordinances, Section 3, Article 20, of the City of Kingsport provides:

"Section 3, Article 20, Municipal officers, employees not to contract with city.—No member of the board of mayor and alderman nor any officer or employee of the city shall be connected with or have any interest, direct or indirect, in any contract with the city, or any purchase or sale by or to the city of anything whatsoever. Any person violating this provision shall be removed from office or discharged."

The bill refers also to the following statutes:

"*T.C.A. 6-626. Contracts with officers prohibited.*—No person holding office under any municipal corporation shall, during the time for which he was elected or appointed, be capable of contracting with such corporation for the performance of any work which is to be paid for out of the treasury. Nor shall such person be capable of holding or having any interest in such contract, either by himself or by another, directly or indirectly."

"*T.C.A. 6-627. Liability of Officer contracting.*—Every officer of such corporation who shall be concerned in making such contract, or who shall pay money upon the same to or for any person declared incapable in 6-626, shall forfeit the amount so paid; and they shall be jointly and severally liable to an action for the same, which action may be prosecuted by any citizen of the corporation in its name.''

We find there are conflicting duties and responsibilities in the two positions. In his position with the schools the assistant superintendent assists at the administrative level in making up the annual school budget including expenditures relating to the Federal projects. When completed the budget is submitted to the Board of Education which after considering the recommendations of the Superintendent approves a budget and submits it to the Board of Mayor and Aldermen. This recommended budget includes a lump sum for salaries of the Superintendent and his assistant and other supervisory personnel, as well as the salary of the teaching staff. As an Alderman it is the duty of Dr. Lay to review the budgeted items which as Assistant Superintendent he had a part in formulating. Indirectly if not directly he has a personal interest in the amount approved for salaries and it is only natural that, as Alderman, he will favor the approval of budgeted items pertaining to the projects with which he is personally involved as Assistant Superintendent.

The ordinance and the statutes are directed against all conflicting interests, not solely those involving the monetary interests of the municipality or its officers. Try as he might a person charged with the duties of both positions could not disassociate the duties of one from the duties

of the other. Over and beyond this it is important that the public business be free from the taint of suspicion. The record shows Dr. Lay to be a man of probity and unimpeachable character. We are dealing here, however, with the mandate of the law which has as its salutary purpose the protection of the general public interest.

In State ex rel, v. Yoakum, 43 Tenn.App. 123, 306 S.W.2d 39, we said:

"These statutes were enacted more than one hundred [100] years ago. In their application our courts have consistently upheld their salutary spirit and purpose and we have no disposition to weaken their effect or recede from the strictness with which they have been applied."

We consider it of no consequence that Dr. Lay is a teacher protected by tenure. His position as Assistant Superintendent is none the less a contract with the City, through its arm, the Board of Education. Under the circumstances it falls within the purview of the ordinance and the statutes. (We do not understand the City is insisting Dr. Lay has lost his tenure status as a teacher.)

██ We agree with the general holding of the trial judge that the ordinance and the statute are applicable and denounce the holding of the two positions by one person. We can not agree, however, that the contract for the year 1969-1970, made before Dr. Lay became a member of the Board was abrogated by his subsequent election as an Alderman. The rights of the parties are to be judged as of the date of the contract. The Board to which Dr. Lay was elected could not by any action it might choose to take add to or subtract from either the duties fixed by the contract or the compensation to which Dr. Lay is entitled under it. The contract for that year,

therefore, does not fall within the ban either of the ordinance or of the statutes which we hold operate prospectively—not retroactively.

■ "A contract will not be invalidated because made with a person who became a city officer after it was executed unless his appointment as city officer was contemplated by the parties at the time the contract was made and was so related to the subject matter thereof as to bring it within the reason for the rule." 63 C.J.S. Municipal Corporations sec. 992, p. 559, citing in the footnotes; Beaudry v. Valdez, 32 Cal. 269; Koons v. Richardson, 227 Ill.App. 477; See also Heffernen v. Green Bay, 266 Wis. 534; 64 N.W.2d 216; McQuillen, Municipal Corporations, 1966 Revision, Section 29.98.

■ The effect of our holding is that so long as Dr. Lay remains an Alderman he can not be paid any sum as salary under any contract made with the Board of Education after the school year 1969-1970. For that year he is entitled to be paid both salaries.

As so modified the judgment is affirmed. Costs of the Law Court were taxed to petitioners. Costs of this Court will be taxed to the City of Kingsport.

Cooper and Parrott, JJ., concur.