**Thomas W. JONES, etc., et al., Plaintiffs-Appellants,**

v.

**Edgar M. BRANIGIN et al., Defendants-Appellees.**

**No. 20482.**

United States Court of Appeals, Sixth Circuit.

Oct. 21, 1970.

Thomas W. Jones, Detroit, Mich., on brief for appellants.

William L. Cahalan, Pros. Atty. of Wayne County, Aloysius J. Suchy, Adam P. Angelas, Asst. Pros. Attys., Detroit, Mich., on brief for appellees.

Before PHILLIPS, Chief Judge, and CELEBREZZE and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal is from an order of the District Judge refusing to request the Chief Judge of the Circuit to convene a three-judge District Court under 28 U.S.C. §§ 2281 and 2284 and dismissing the action.

Upon motion of appellants the case was advanced on the docket of this Court and submitted on briefs without oral argument.

District Judge Lawrence Gubow held that the complaint does not present a substantial constitutional question, refused to request the convening of a three-judge court, and dismissed the complaint. We affirm.

The memorandum opinion and order of Judge Gubow, which is made an appendix to this opinion, is a good example of how a District Judge before whom an attempted three-judge action is filed can avoid the convening of a three-judge District Court and a needless waste of the time of three judges in a case that does not involve a substantial constitutional question.

In Phillips v. United States, 312 U.S. 246, 250, 61 S.Ct. 480, 483, 85 L.Ed. 800, the Supreme Court recognized that the requirement of a three-judge court "entails a serious drain upon the federal judicial system particularly in regions where, despite modern facilities, distance still plays an important part in the effective administration of justice."

This serious drain upon the federal judicial system has become more and more acute since the decision in *Phillips* in 1941. According to the reports of the Director of the Administrative Office of the United States Courts in the period from 1955 to 1959, there was an average of 48.8 three-judge cases filed per year; from 1960 to 1964 the average per year increased to 95.6 cases; in 1964 the total number of such cases filed was 119; in 1970 the number increased to 291.

For further discussion of some of the complications presented by three-judge District Courts see American Law Institute, Study of the Division of Jurisdiction between State and Federal Courts, Tentative Draft No. 6, p. 255. See also Note, The Three Judge District Court and Appellate Review, 49 Va.L. Rev. 538 (1963).

The statutes providing for three-judge courts were designed to secure the public interest in a "limited class of cases of special importance." Phillips v. United States, *supra*, 312 U.S. at 249, 61 S.Ct. at 483; Ex parte Collins, 277 U.S. 565, 567, 48 S.Ct. 585, 72 L.Ed. 990. These statutes therefore have been strictly construed. Mitchell v. Donovan, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378; Rosado v. Wyman, 397 U.S. 397, 90 S. Ct. 1207, 25 L.Ed.2d 442; Goldstein v. Cox, 396 U.S. 471, 90 S.Ct. 671, 24 L.Ed. 2d 663; Phillips v. United States, *supra*, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800.

As said in Allen v. State Board of Elections, 393 U.S. 544, 561, 89 S.Ct. 817, 829, 22 L.Ed.2d 1:

"We have long held that congressional enactments providing for the convening of three-judge courts must be strictly construed * * * convening a three-judge court places a burden on our federal court system, and may often result in a delay in a matter needing swift initial adjudication. * * * Thus we have been reluctant to extend the range of cases necessitating the convening of three-judge courts."

In Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 261, 15 L.Ed.2d 194, the Supreme Court said: "It has long been held that no such court is called for when the alleged constitutional claim is insubstantial." To like effect see Booker v. State of Tennessee Board of Education, 240 F.2d 689, 691 (6th Cir.), motion for leave to file petition for writ of mandamus denied, 351 U.S. 948, 76 S.Ct. 856, 100 L.Ed. 1472.

In Ex parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 4, 78 L.Ed. 152, the Supreme Court said that "a substantial claim of unconstitutionality" is necessary for the convening of a three-judge court, and that the statute "does not require three judges to pass upon this initial question of jurisdiction." The Court further said:

"The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. Mosher v. [City of] Phoenix, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062. The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' Levering & Garrigues Co. v. Morrin, supra; Hannis Distilling Co.

v. Baltimore, 216 U.S. 285, 288, 30 S.Ct. 326, 54 L.Ed. 482; McGilvra v. Ross, 215 U.S. 70, 80, 30 S.Ct. 27, 54 L.Ed. 95.

"While it is appropriate that a single District Judge to whom application is made for an interlocutory injunction restraining the enforcement of a state statute should carefully scrutinize the bill of complaint to ascertain whether a substantial question is presented, to the end that the complainant should not be denied opportunity to be heard in the prescribed manner upon a question that is fairly open to debate, the District Judge clearly has authority to dismiss for the want of jurisdiction when the question lacks the necessary substance and no other ground of jurisdiction appears." 290 U.S. at 32, 54 S.Ct. at 4.

In Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512, the Supreme Court said:

"Section 2281 does not require a three-judge court when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking nonexistent. * * * We hold that three judges are similarly not required when, as here, prior decisions make frivolous any claim that a state statute on its face is not unconstitutional. * * * The reasons for convening an extraordinary court are inapplicable in such cases, for the policy behind the three-judge requirement—that a single judge ought not to be empowered to invalidate a state statute under a federal claim—does not apply. The three-judge requirement is a technical one to be narrowly construed."

As stated by the Supreme Court in California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323: "The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject."

When the Chief Judge of the Circuit receives a request from a District Judge for designation of a panel to constitute a threé-judge District Court, he must assume that the District Judge before whom the action was filed has reviewed the pleadings and made an affirmative determination that a substantial federal constitutional question is presented requiring the convening of a three-judge court. In Rosado v. Wyman, *supra*, 397 U.S. 397, 402–403, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442, the Supreme Court said:

"While Congress has determined that certain classes of cases shall be heard in the first instance by a district court composed of three judges, that does not mean that the court *qua* court loses all jurisdiction over the complaint that is initially lodged with it. To the contrary, once petitioners filed their complaint alleging the unconstitutionality of [the statute], the District Court sitting as a one-man tribunal, was properly seised of jurisdiction over the case * * * and could dispose of even the constitutional question either by dismissing the complaint for want of a substantial federal question * * * or by granting requested injunctive relief if 'prior decisions [made] frivolous any claim that [the] state statute on its face [was] not unconstitutional'. * * * Even had the constitutional claim not been declared moot, the most appropriate course may well have been to remand to the single district judge for findings and the determination of the statutory claim rather than encumber the District Court, at a time when district court calendars are overburdened, by consuming the time of three federal judges in a matter that was not required to be determined by a three-judge court."

Under these decisions, if the District Judge in whose court the complaint is filed determines that no substantial federal constitutional question is presented, he may proceed to dispose of the case on its merits as a one-judge court or, in appropriate situations, dismiss the complaint. Money v. Swank, 432 F.2d 1140 (7th Cir., Sept. 16, 1970). To like effect see Taylor v. Kentucky State Bar Association, 424 F.2d 478, 480 (6th Cir.)

An appeal from the decision of the one-judge District Court in refusing to request the convening of a three-judge court and dismissing the complaint lies to the Court of Appeals. Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865; Buchanan v. Rhodes, 400 F.2d 882 (6th Cir.).

Affirmed.

### APPENDIX

United States District Court
Eastern District of Michigan
Southern Division

Civil Action No. 33224

Thomas W. Jones, et al.

Plaintiffs,

vs.

Edgar M. Branigin,
as County Clerk of Wayne County, Michigan, et al.,

Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This is an action instituted under the Civil Rights Statutes for declaratory and injunctive relief brought by THOMAS W. JONES, for himself and all others similarly situated, against EDGAR M. BRANIGIN, County Clerk of Wayne County, JAMES M. HARE, Secretary of State for the State of Michigan, and the WAYNE COUNTY BOARD OF SUPERVISORS. The complaint alleges that the Plaintiff is a registered and qualified elector of the County and State whose constitutional rights have been and are being violated as a result of the enforcement of the present election system governing the WAYNE COUNTY

BOARD OF SUPERVISORS. Plaintiff contends that the present system is unconstitutional and requests a three-judge court to invalidate the present apportionment scheme and order the Michigan legislature to: (1) enact a constitutional election system for the offices of Wayne County Board of Supervisors by no later than April 1, 1970; (2) enact a constitutional voting power system for the internal proceedings of the Board by no later than January 1, 1971. In the event the Legislature fails to act, the Court is requested to order the Wayne County Board of Supervisors to carry out the task.

A similar request was made with respect to the election system for the offices of State Senator and State Representative, and the voting power system for the internal proceedings in each respective house of the Legislature, in a case before the Honorable Fred W. Kaess, *Jones* v. *Hare*, Civil Action No. 32588, E.D.Michigan, May 29, 1969.

Plaintiff's proposed plan calls for the redistricting of the Wayne County Board of Supervisors on the basis of the number of voter registrants residing in a given district rather than the present system based on population; and that potential candidates for office be accorded the right to file petitions defining their own districts, i. e., select the district in which they want to run, take up residency, and be an eligible candidate in their chosen area. In addition, Plaintiff's proposed plan for internal proceedings calls for a weighted voting system utilizing actual votes cast for each member of the Board.

Motions to dismiss have been filed on behalf of all the Defendants on the ground that Plaintiff's complaint fails to state a substantial federal question; that the present districting scheme is one of substantial equality of population; and that Plaintiff is asking this Court to legislate contrary to the principle of judicial self-restraint. Based upon the files and records in the above-captioned cause, and after hearing oral argument and reviewing the briefs submitted, the Court is of the opinion that the motions must be granted.

In determining whether a complaint must be heard and decided by a three-judge court pursuant to Sections 2281 and 2284, Title 28, U.S.C., it is necessary that there be present a substantail constitutional question. Eason v. Dickson, 390 F.2d 585 (C.A.9, 1968). The procedure to be followed is carefully outlined in Jones v. Hare, supra. If the complaint fails to raise a substantial constitutional question, the district judge must deny the request to convene a three-judge court and may dismiss the action. O'Hair v. United States, 281 F.Supp. 815 (D.C.D.C.1968).

It is well settled that, in order to satisfy the requirements of the Equal Protection Clause, there must not be a system of selecting state officials wherein same are chosen from geographical units of unequal population if the officials exercise equal powers. Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). The federal constitutional standard for state legislative districting schemes is that there be substantial equality of population among the districts established by the legislature. The Equal Protection Clause requires that both houses of a state legislature must be apportioned on a population basis and by this it was meant that states make an honest and good faith effort to construct, as nearly as practicable, districts of equal population. Reynolds v. Sims, supra, at 577, 84 S.Ct. 1362. The court in *Reynolds* was careful to point out, however, that mathematical exactness among the districts was not required. 377 U.S. 533, 577, 84 S.Ct. 1362.

The one man, one vote principle of Reynolds v. Sims, supra, applied to the apportionment of state legislatures. Recently, in Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), the Supreme Court went a step further and held that the rule applied to local legislative bodies as well, stating that the Equal Protection Clause prohibits drawing districts for units of local government that are of substantially un-

equal population where such units have "general governmental powers over the entire geographic area served by the body". The Court in *Avery* reasoned that, although the state legislature was properly apportioned, this fact could "not exempt subdivisions from the Fourteenth Amendment". 390 U.S. 474, 481, 88 S.Ct. at 1118.

Following the decision in Reynolds v. Sims, supra, and apparently anticipating the ruling in Avery v. Midland County, supra, the Michigan Legislature in 1966 extended the principle of equality demanded by the Equal Protection Clause to county boards of supervisors. M.C. L.A. § 46.401 et seq. [P.A.1966, No. 261]. The statutory scheme in Michigan requires equal representation on a population basis on a county board of supervisors and conforms with the constitutional standards set forth in Reynolds v. Sims, supra. Furthermore, it is important to note that the Court in *Reynolds* recognized that, while there must be some reasonable plan for periodic revision of apportionment schemes, the Equal Protection Clause was not held to require "daily, monthly, annual or biennial reapportionment". 377 U.S. 533, 583, 84 S.Ct. 1362, 1393. This aspect of the one man, one vote principle is also adhered to under the statutory scheme in Michigan for county boards of supervisors.

In Burns v. Richardson, 384 U.S. 73, 86 S.Ct. 1286, 16 L.Ed.2d 376 (1964), cited by Plaintiff in support of his argument that the question raised in the complaint is not obviously without merit or foreclosed by prior decisions, the Supreme Court did authorize the use of registered voters as a basis for the apportionment of a state legislature. Although much reliance is placed upon *Burns* by the Plaintiff, the Court there was faced with a different situation. In that case, an interim districting plan based on registered voters was sanctioned since the Court found that its use would not produce a result substantially different from that using a permissible population basis. Burns v. Richardson, supra, at 93, 86 S.Ct. 1286. It may be assumed that the plan proposed by Plaintiff might achieve a permissible result in Michigan but that alone is not enough. As mentioned earlier, a similar proposal was made in Jones v. Hare, supra, with regard to the state legislature, and answered as follows: "If plaintiff believes that his redistricting plan is more desirable than the present districting plan he should direct his efforts to the legislative forum. It is not within the power of this court to replace one valid system with another, simply because the latter may be more desirable."

It is the opinion of this Court that the present apportionment plan for the Wayne County Board of Supervisors meets the constitutional standards set forth in Reynolds v. Sims, supra, and Avery v. Midland County, supra, and thus, does not deny Plaintiff the equal protection of the laws. Accordingly, the Court agrees with the contention of the Defendants that the complaint does not present a substantial constitutional question. See Jones v. Hare, supra.

In view of the foregoing, the Court believes that Plaintiff's request for a three-judge court must be denied and the action dismissed; therefore,

IT IS HEREBY ORDERED that Defendants' motion to dismiss be and is hereby granted.

/s/ LAWRENCE GUBOW
U. S. District Judge