PROTESTANTS AND OTHER AMERI-
CANS UNITED FOR SEPARATION
OF CHURCH AND STATE et al., Plain-
tiffs-Appellants,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

No. 20270.

United States Court of Appeals,
Sixth Circuit.

Dec. 16, 1970.

See also 266 F.Supp. 473.

Franklin C. Salisbury, Washington, D. C., for appellants; Emanuel Nadlin, Dayton, Ohio, Franklin C. Salisbury, Washington, D. C., on brief.

Donald L. Horowitz, Atty., Dept. of Justice, Washington, D. C., for the United States. ·

Frank J. McNaughton, Columbus, Ohio, for State of Ohio.

H. Donald Hawkins, Dayton, Ohio, for City of Dayton.

William D. Ruckelshaus, Asst. Atty. Gen., Robert V. Zener, Donald L. Horowitz, Attys., Dept. of Justice, Washington, D. C., on brief for federal appellees.

Paul W. Brown, Atty. Gen. of Ohio, Frank J. McNaughton, Asst. Atty. Gen., Columbus, Ohio, on brief for John D. Herbert, Treasurer, State of Ohio, R. A. Horn, Ohio Director, Division of Federal Assistance, Jack E. Brown, Ohio Coordinator Title II, PL 89–10.

James W. Drake, City Atty., H. Donald Hawkins, Asst. City Atty., Dayton, Ohio, on brief for Robert French, Supt., Dayton Bd. of Ed.

Before WEICK, EDWARDS and PECK, Circuit Judges.

WEICK, Circuit Judge.

This appeal is from an order of the District Court granting summary judgment in favor of the defendants and dismissing the complaint, as amended.

The action in the District Court was brought under the Civil Rights Act (42 U.S.C. § 1983) to enjoin enforcement of Title II of the Elementary and Secondary Education Act of 1965, Public Law 89–10, 79 Stat. 36, 20 U.S.C. § 821–827, which authorizes .federal grants for library and instructional materials for use of pupils and teachers in public and private (including parochial) schools.

Plaintiffs prayed`that a three-judge court be convened, that an injunction be granted restraining enforcement of the Act, and sought a declaratory judgment that the statute is unconstitutional in violation of the Establishment Clause in the First Amendment to the Constitution of the United States; and further prayed for the return of $14,606.02 to the United States by the Treasurer of the State of Ohio and the Superintendent of the Dayton School District, which sum was alleged to have been distributed to twenty-two parochial schools in the Dayton City School District for the purchase of books and materials; and further prayed for damages in the amount of $5,000,000.

■ In a prior appeal, in an unreported order, we held that the plaintiffs had standing to sue on the authority of Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

The District Court, in a memorandum opinion and order, declined to convene a three-judge court and granted summary judgment in favor of the defendants on

the ground that the issues of the case were controlled by the decision of the Supreme Court in Board of Educ. of Central School Dist. No. 1 v. Allen, 392 U.S. 236, 88 S.Ct. 1923, 20 L.Ed.2d 1060 (1968).

■ Where an injunction is sought to restrain the enforcement of a state or federal statute on the ground of violation of the Constitution of the United States, the District Court is required to convene a three-judge court under the provisions of either 28 U.S.C. § 2281 or § 2282, unless no substantial federal constitutional claim is presented or it is patently frivolous. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Turner v. Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); Ex Parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970).

The claim would be deemed unsubstantial if, as the District Court held, the Supreme Court had passed upon the precise question involved in the present case.

■ The only question, therefore, for us to decide is whether the District Court was correct in ruling that the constitutionality of the Act was resolved in *Allen*.

In *Allen* the Supreme Court upheld a state statute which authorized the lending of secular text books to children irrespective of whether they attended public or private (parochial) schools. The Court applied the test stated in School Dist. of Abington v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963):

"The test may be stated as follows: what are the purpose and the primary effect of the enactment? If either is the advancement or inhibition of religion then the enactment exceeds the scope of legislative power as circumscribed by the Constitution. That is to say that to withstand the strictures of the Establishment Clause there

must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion." *Id.* at 222, 83 S.Ct. at 1571.

*Allen* followed Everson v. Board of Educ., 330 U.S. 1, 67 S.Ct. 504, 91 L.Ed. 711 (1947), which upheld the constitutionality of a state statute providing for the free busing of school children to public as well as parochial schools.

In both of these cases the secular aid was furnished directly to the school children, who ought to be entitled to such aid irrespective of the schools they attended, whether public or parochial, the same as they are entitled to other public services such as police and fire protection, sewage facilities, streets and sidewalks.

Title II of the Act in question, however, goes one step further. It lends library materials, not to the children, but directly to the parochial schools for use by the children and the teachers. While the statute contains safeguards intended to insure the purchase of secular books and materials only, there is still a question whether this constitutes forbidden involvements of the state with religion. It can be argued also that the loaning of libraries to sectarian schools frees the use of funds for religious purposes, that is, funds which otherwise would be used for library maintenance.

The District Court did not have the benefit of the recent decision of the Supreme Court in Walz v. Tax Comm'n, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970). The Court there held that state tax exemptions of properties used solely for religious purposes did not violate the Establishment Clause as it was not aimed at establishing or supporting religion, but simply spared the exercise of religion from the burden of property taxation levied on private profit institutions. The Court was of the view that the exemption created only a minimal and remote involvement between church and state, an involvement much less than the taxation

of the churches would entail. The test is essentially one of degree.

In discussing the important subject of involvement, Chief Justice Burger, who wrote the opinion for the court, stated:

"In analyzing either alternative the questions are whether the involvement is excessive, and whether it is a continuing one calling for official and continuing surveillance leading to an impermissible degree of entanglement. Obviously a direct money subsidy would be a relationship pregnant with involvement and, as with most governmental grant programs, could encompass sustained and detailed administrative relationships for enforcement of statutory or administrative standards, but that is not this case. The hazards of churches supporting government are hardly less in their potential than the hazards of government supporting churches; each relationship carries some involvement rather than the desired insulation and separation." 397 U.S. at 675, 90 S.Ct. at 414.

The decisions of the Supreme Court construing the Free Exercise and Establishment Clauses of the First Amendment have drawn fine distinctions and have laid down rules not easy to apply. They have been decisions by divided courts.

In our opinion, the additional step in the present case, namely, the loaning of library books and materials directly to the parochial schools, rather than the issuing of textbooks directly to the school children, together with the issue of whether the involvement required in applying the safeguards of the Act is minimal and remote, present substantial questions which were not resolved in *Allen,* and which require the convening of a three-judge District Court for determination.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings in conformity with this opinion.