Dr. Elery LAY et al., Plaintiffs-
Appellants,

v.

CITY OF KINGSPORT, TENNESSEE,
et al., Defendants-Appellees.

No. 71-1210.

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 1972.

McCree, Circuit Judge, concurred in part and dissented in part, and filed opinion.

James H. Cheek, III, Nashville, Tenn.; Charles K. Wray, Nashville, Tenn., N. R. Coleman, Jr., Greeneville, Tenn., on brief; Bass, Berry & Sims, Nashville, Tenn., Milligan, Silvers, Coleman & Fletcher, Greeneville, Tenn., of counsel for appellants.

Howard E. Wilson, Kingsport, Tenn., W. E. Weber, City Atty., Kingsport, Tenn., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Tenn., on brief; Wilson, Worley, Gamble & Dodson, Kingsport, Tenn., of counsel, for appellees.

Before McCREE, BROOKS,* and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal from an order of a Three-Judge District Court, convened pursuant to the provisions of Title 28 U.S.C. §§ 2281 and 2284, dissolving itself on the ground that the suit in question presents no substantial Federal claim. The parties will be referred to as in the court below.

The order in question remanded the action to the United States District

---

* The concurrence of Judge Brooks, in this opinion, was received before his death, on December 30, 1971.

**346**

Court for the Eastern District of Tennessee, Northeastern Division for further proceedings. The plaintiffs are Dr. Elery Lay, Assistant Superintendent of Schools for the City of Kingsport, Tennessee, who is a duly elected Alderman for the City of Kingsport, Tennessee, and a class consisting of registered voters of the City of Kingsport, who in May, 1969, voted for Dr. Lay for Alderman. One of Dr. Lay's functions as Assistant Superintendent of Schools was the initial preparation of the annual school budget, including his salary as Assistant Superintendent. An Alderman for the City of Kingsport has the duty of voting approval or disapproval of the school budget, and also the duty of voting appropriation of public monies as required by the approved budget, including his own salary as Assistant Superintendent.

Shortly, after the election, at which Dr. Lay was elected as Alderman, the defendants instituted a declaratory judgment action in the Tennessee Courts to determine whether Dr. Lay could serve as both Alderman and Assistant Superintendent and receive salaries for services in each of such positions, in the light of the provisions of certain Tennessee Statutes.[1] And an Ordinance.[2] of the City of Kingsport. The Tennessee Court of Appeals, Tenn.App., 459 S.W.2d 786 (1970), determined that under the provisions of the applicable Statutes and Ordinance there was a conflict of interest which prevented Dr. Lay from receiving any salary as Assistant Superintendent so long as he held the office of Alderman. Thereafter, the plaintiffs instituted the present action seeking an injunction to prohibit the defendants from applying the above cited Statutes and Ordinance, as required by the decision of the Tennessee Court of Appeals. The plaintiffs claim that the application of such Statutes and Ordinance resulted in their being deprived of rights conferred upon them by the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

The first issue presented is whether the order of the Three-Judge District Court dissolving itself is appealable to this Court. We conclude that it is. The Supreme Court of the United States has said in Wilson v. City of Port Lavaca, 391 U.S. 352 (1968), at 352, 88 S.Ct. 1502, at 1502, 20 L.Ed.2d 636:

"The resulting situation is similar, we think, to that which results when a single judge declines to convene a

1. T.C.A. 6-215. *Restrictions on interest of officers.*—No officer in a municipality shall, directly or indirectly, be interested in any contract to which the city is a party, or speculate in its bonds or warrants or other evidences of indebtedness; nor shall extra compensation be allowed, or extra pay granted, to any officer, agent, or servant of a municipality, or allowances made for discharge of extra duties.
"T.C.A. 6-626. *Contracts with officers prohibited.*—No person holding office under any municipal corporation shall, during the time for which he was elected or appointed, be capable of contracting with such corporation for the performance of any work which is to be paid for out of the treasury. Nor shall such person be capable of holding or having any interest in such contract, either by himself or by another, directly or indirectly."
"T.C.A. 6-627. *Liability of Officer contracting.*—Every officer of such corporation who shall be concerned in making such contract, or who shall pay money upon the same to or for any person declared incapable in § 6-626, shall forfeit the amount so paid; and they shall be jointly and severally liable to an action for the same, which action may be prosecuted by any citizen of the corporation in its name."

2. Code of Ordinances, Section 3, Article 20, of the City of Kingsport provides:
"Section 3, Article 20, Municipal officers, employees not to contract with the city.—No member of the board of mayor and alderman nor any officer or employee of the city shall be connected with or have any interest, direct or indirect, in any contract with the city, or any purchase or sale by or to the city of anything whatsoever. Any person violating this provision shall be removed from office or discharged."

three-judge court and denies relief: an appeal lies to the appropriate United States Court of Appeals, and not to this Court."

And again in Mengelkoch v. Industrial Welfare Comm., 393 U.S. 83. (1968), at 83, 84, 89 S.Ct. ,60, at 61, 21 L.Ed.2d 215:

"Moreover, we have held that when, as here, a three-judge court dissolves itself for want of jurisdiction, an appeal lies to the appropriate Court of Appeals and not to this Court."

and see also, Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 426 F.2d 142 (5th Cir., 1970).

■ Thus, it is incumbent upon this Court to determine whether the Three-Judge District Court was presented with a substantial Federal question. The test for determining this issue has been set forth by the Supreme Court of the United States in Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933), as follows:

"The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' "

This test has been applied by this Court recently. Protestants and Other Amer. United, etc. v. United States, 435 F.2d 627 (6th Cir. 1970), Jones v. Branigin, 433 F.2d 576 (6th Cir., 1970).

■ If the State of Tennessee and the City of Kingsport had authority to adopt the "conflict of interest" provisions set forth in the cited Statutes and Ordinance then no substantial Federal question is presented. The leading case in this area is United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S. Ct. 556, 91 L.Ed. 754 (1947), which brought before the Supreme Court the constitutionality of certain provisions of the "Hatch Act" (18 U.S.C. § 61H, as amended, 18 U.S.C. § 61o) which prohibits officers and employees of the Executive Branch, with exceptions, from taking an active part in political campaigns or the management of political activity. The Court recognized that the Act included a measure of interference with the freedoms of the civil servants involved, but further concluded that the Constitutional Rights asserted are not absolutes, and stated at page 103, 67 S. Ct. at page 571:

"Congress and the administrative agencies have authority over the discipline and efficiency of the public service. When actions of civil servants in the judgment of Congress menace the integrity and the competency of the service, legislation to forestall such danger and adequate to maintain its usefulness is required. The Hatch Act is the answer of Congress to this need. We cannot say with such a background that these restrictions are unconstitutional."

*Mitchell* has recently been followed by other Courts when challenges similar to the one at hand have been asserted. In Stack v. Adams, 315 F.Supp. 1295 (N. D.Fla.1970), an attack was made on a Florida Statute which required the resignation from state public office by a candidate for United States Representative. The Court decided that the Statute was not in violation of the First Amendment to the Constitution of the United States but held it invalid for other reasons. To the same effect is Deeb v. Adams, 315 F.Supp. 1299 (N.D.Fla. 1970), and Wisconsin State Emp. Ass'n, etc. v. Wisconsin Natural Resources Bd., 298 F.Supp. 339 (W.D.Wis.1969). The District Court for the Western District of Wisconsin stated at page 350:

"We conclude that the relinquishment of the right to run for partisan political office can constitutionally be made a condition of public employment."

■ In accord with the authorities cited this Court concludes that the State of Tennessee and the City of Kingsport

may properly adopt Statutes and Ordinances for the purpose of preventing an individual from holding public offices which would create a conflict of interest. Having reached this conclusion we are satisfied that no purpose would be served by remanding the case to the Three-Judge Court for reconsideration of the issue of the substantiality of the questions presented in the first instance.

The order of the Three-Judge District Court dissolving itself is affirmed.

McCREE, Circuit Judge (concurring in part and dissenting in part).

I agree with the majority that the dissolution order of the three-judge court is properly appealable to this court and that it is appealable at this stage of the proceedings. However, I would reverse that order and remand for the reconvening of the three-judge court to hear appellants' constitutional claims. The test for determining whether a constitutional question is sufficiently substantial to warrant the convening of three judges was stated by the Supreme Court in Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933):

> The question may be plainly unsubstantial, either because it is "obviously without merit" or because "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy."

Since the majority cites no Supreme Court decision concerning the constitutionality of state conflict-of-interest statutes, the basis for its conclusion must be that the question presented here is "obviously without merit." Yet, the majority finds it necessary to reason at some length by analogy to Hatch Act cases—including recent cases that, despite the controlling decision in United Public Workers of America v. Mitchell, 330 U.S. 75, 67 A.Ct. 556, 91 L.Ed. 754 (1947), were considered by three-judge courts—in order to conclude that "no purpose would be served" by remanding this case for reconsideration by a three-judge court. It appears to me that the majority actually has rendered a decision on the merits of appellants' constitutional claims instead of considering merely the threshold question of substantiality, which is the only question presented to us in this appeal. The three-judge court gave no reasons for its determination that appellants' constitutional claims were insubstantial and cited only Protestants and Other Americans United for Separation of Church and State v. United States, 435 F.2d 627 (6th Cir. 1970), cert. denied, sub nom. Donahey v. Protestants and Other Americans United for Separation of Church and State, 403 U.S. 955, 91 S.Ct. 2277, 29 L.Ed.2d 865 (1971), and Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970), cert. denied, sub nom. Jones v. Sullivan, 401 U.S. 977, 91 S.Ct. 1205, 28 L.Ed.2d 327 (1971), which are authority for only the proposition that a three-judge court is not properly convened if the constitutional question presented is insubstantial under the Poresky test. These cases did not discuss the considerations relevant to a determination that the constitutional claim is obviously without merit, nor did the court below state its reasons for so holding. Accordingly, I would remand with directions to reconvene the three-judge court either to consider the merits of appellants' constitutional claims or to explicate the reasons for its dissolution on the ground of insubstantiality.