765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOBBY LEE JEFFRIES, JESSIE CLARK, AUBREYE BILAL AKBAR, JAMES
COLEMAN AND PAUL HAWKINS, PLAINTIFFS-APPELLANTS,
v.
JOSEPH B. MCCARTIE, JUDGE; EDGAR PETERSON, ASSISTANT
DISTRICT ATTORNEY; AND WILLIAM JOHNSON, PUBLIC
DEFENDER, DEFENDANTS-APPELLEES.
 NO. 84-5766, 84-5806
 United States Court of Appeals, Sixth Circuit.
 5/3/85
 
 ORDER
 BEFORE: ENGEL and KEITH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Plaintiffs appeal from the district court's orders dismissing their pro se civil rights complaint and denying their motion to amend the judgment. The appeal in case number 84-5766 is properly before this Court because an appeal from a refusal to convene a three-judge court lies in the Court of Appeals, not the United States Supreme Court. See Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970), cert. denied, 401 U.S. 977 (1971). The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time the complaint was filed, plaintiffs Clark, Coleman and Akbar were awaiting trial on pending criminal charges. They requested that these state trials be enjoined. It is well-settled that federal courts cannot enjoin pending state criminal trials or grant declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971); see Crawley v. Hamilton County Commissioners, 744 F.2d 28 (6th Cir. 1984). Plaintiffs' allegations of constitutional violations are conclusory and do not demonstrate extraordinary circumstances. The proper remedy for plaintiffs to challenge alleged unconstitutional state court practices is through state appeals or habeas corpus actions. Parker v. Turner, 626 F.2d 1 (6th Cir. 1980).
 
 
 3
 Plaintiffs Jeffries and Hawkins were convicted, and allege that defendants conspired against them and violated their constitutional rights in obtaining their convictions. They seek only injunctive and declaratory relief. The relief sought in this case would necessarily affect the legality of plaintiffs' state convictions. Since plaintiffs essentially challenge the fact or duration of their confinement, they must seek habeas corpus relief, and must demonstrate exhaustion of state remedies. Preiser v. Rodriquez, 411 U.S. 475 (1973); see Hadley v. Werner, ---- F.2d ----, No. 82-1572 (6th Cir. Jan. 28, 1985). None of the plaintiffs has demonstrated exhaustion of state remedies and therefore habeas relief is not available. See Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 4
 Accordingly, it is ORDEREDthat the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(2).