George C. STRONG

v.

UNITED STATES of America et al.

Civ. A. No. 57–785–S.

United States District Court
D. Massachusetts.

Oct. 10, 1957.

George C. Strong, pro se, James F. Connolly, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., Boston, Mass., for the United States of America.

Before. MAGRUDER, Circuit Judge, and SWEENEY and WYZANSKI, District Judges.

MAGRUDER, Circuit Judge.

The complaint in this case named as defendants the United States of America and various officials of the Boston Regional Office of the Veterans' Administration. It was alleged that plaintiff entered into a contract of enlistment in the U. S. Army during World War I; that under the Act of October 6, 1917, which became a part of such contract of enlistment, the United States agreed to pay to the plaintiff certain amounts per month for disability resulting from injury suffered or disease contracted in the line of duty (40 Stat. 405 et seq.); that plaintiff became disabled while serving in France and that upon his honorable discharge on March 17, 1918, his claim to compensation was thereafter recognized and paid by the United States Army as being of the value of 50% of total disability; that subsequently the claim of disability resulting from variously diagnosed diseases was changed from time to time; that finally on January 29, 1952, a rating bureau in the Boston Regional Office of the Veterans' Administration put out an order reciting that on the basis of all of the evidence of record the condition of pulmonary disease was now found to be arrested and that plaintiff's service-connected compensation was to be reduced progressively at certain specified dates to zero per cent of disability on and after January 30, 1961; that this order of January 29, 1952, was erroneous in that it ignored certain other service-connected diseases which caused disabilities of a permanent nature, and which entitled plaintiff to continued compensation under the Act; that he has exhausted all administrative remedies to have said order of January 29, 1952, set aside. Wherefore, the complaint asked the District Court to enter a declaratory judgment declaring that the said order of January 29, 1952, was null and void, and that the Court grant to the plaintiff such further relief as might seem just and proper.

There were two obstacles to the granting of the relief thus sought in the complaint:

(1) By Section 5 of the Act of March 20, 1933 (48 Stat. 9, 38 U.S.C.A. § 705) it is provided: "All decisions rendered by the Administrator of Veterans' Affairs under the provision of this title, or the regulations issued pursuant thereto, shall be final and conclusive in all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

(2) By § 11 of the Act of October 17, 1940 (54 Stat. 1197, 38 U.S.C.A. § 11a-2) it is provided: "Notwithstanding any other provision of law * * * the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefit or payment under this and any other Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

Accordingly the present complaint asked for the convening of a three-judge district court for the purpose of declaring null and void as unconstitutional the aforesaid provisions of the Acts of Congress. In accordance with this request the present court was assembled, as provided in 28 U.S.C. §§ 2282 and 2284. Oral argument was held by us on a motion to dismiss filed by the United States Attorney on behalf of the various defendants.

■■■■ We are unable to see that the two challenged acts of Congress are subject to the various constitutional objections urged against them. Of course, the Administrative officials have not been authorized and directed to deprive any veteran of a vested right. They are directed to apply the provisions of law with relation to compensation for service-connected disability. The only thing is that the decisions of the Veterans' Administrator in that respect are specifically withdrawn from judicial review.

This is a matter entirely within the discretion of the Congress. It cannot be too often reiterated as was stated by the Supreme Court in Lynch v. United States, 1934, 292 U.S. 571, 582, 54 S.Ct. 840, 845, 78 L.Ed. 1434: "When the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011. It may limit the individual to administrative remedies. Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738. And withdrawal of all remedy, administrative as well as legal, would not necessarily imply repudiation. So long as the contractual obligation is recognized, Congress may direct its fulfillment without the interposition of either a court or an administrative tribunal."

A judgment will be entered dismissing the complaint.