George **NAPIER, Sr.,** Plaintiff,

v.

**VETERANS' ADMINISTRATION,** Sumner G. Whittier, Administrator, and **United States of America,** Defendants.

Civ. A. No. 302–60.

United States District Court
D. New Jersey.

Oct. 11, 1960.

724

George Napier, Sr., pro se.

Chester A. Weidenburner, U. S. Atty., by Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., for defendants.

WORTENDYKE, District Judge.

On or about February 20, 1960, George Napier, Sr., a resident of the City of Newark in this District, filed with the Chief Judge of this Court a document in affidavit form, sworn to February 19, 1960, in which the affiant made complaint against the United States Veterans' Administration, the Administrator of Veterans' Affairs, and certain other persons purporting to act in their behalf, respecting their conduct in relation to the affiant. The matter was, in due course, referred to the writer of this opinion who, upon representations of complainant's indigency, directed that the affidavit be treated as a complaint and be filed without payment of fee, in the office of the Clerk of this Court. Upon its filing on March 18, 1960, the Clerk caused summons to be issued and served, directed to the parties complained of, viz. the Veterans' Administration, its Administrator and the United States of America. Service upon the Administration was made upon its Chief Attorney at its regional office in the City of Newark, New Jersey, and service upon the United States of America was effected upon the United States Attorney for the District of New Jersey. Service upon Sumner G. Whittier, the Administrator of Veterans' Affairs, was made in the District of Columbia.

Upon due notice, the defendants Veterans' Administration, Administrator and United States, moved for a dismissal of the complaint (1) as against the Veterans' Administration and Sumner G. Whittier, Administrator of Veterans' Affairs, for lack of personal jurisdiction over said defendants by reason of insufficiency of service of process upon them; and (2) as against the United States of America for (a) lack of jurisdiction over the subject matter of the case, and (b) failure to state a claim upon which relief can be granted. Plaintiff also moved for the appointment of an attorney in his behalf to represent him in the cause, upon the ground that he is indigent and without means of employing an attorney for that purpose.

The affidavit embodying the plaintiff's complaint in this proceeding alleges that he is an indigent World War II veteran of the armed forces of the United States, with several dependents; that he is currently receiving from the Veterans' Administration monthly payments of $55.00 as compensation for claimed physical disability, but that premium payments upon his National Service Life Insurance policy, which are being currently waived by the Administration, were required to be paid during the period June 1, 1946 to September 1, 1954, during which he claims to have been totally disabled and therefore entitled to waiver thereof. He seeks refund of the premiums paid during the period of denial of waiver. Complaining generally of the manner in which his requests for assistance and treatment were disposed of by the Administration and its representatives, plaintiff seeks the aid of this Court to obtain determinations (1) that certain physical disabilities from which he is alleged to be suffering are service-connected; (2) that he is entitled to compensation payments for total permanent disability from June 21, 1944 to date; and (3) that he be declared entitled to premium waiver upon his National Service Life Insurance during the period of its previous denial, and that he be refunded the premiums which he was required to pay during that period. With the stated purpose of rendering more specific the general allegations in which the veteran embodies his criticisms of the Veterans' Administration, he annexes to his complaint in this Court copies of what he characterizes as his "petitions" dated respectively February 2, 1960 and March 21, 1957, to the Administrator of Veterans' Affairs, and the United States Attorney for this District. In his petition to the Administrator, complainant alleges that he suffers from a possible malignant prostate gland condition which is aggravating an allegedly service-connected cardiac condition. He bases his contention that the prostatic condition is service-incurred upon the claim that it was non-existent when he was inducted in the year 1942. In connection with these conditions, however, Napier concedes that an Administrative review thereof was then pending. In the same document, he alleges mistreatment and refusal of treatment at the hands of various physicians acting for the Administration, and of the conduct of other employees thereof toward him. He also alleges that he was refused treatment which was given to other veterans similarly situated. By way of relief at the hands of the Administrator, this veteran prayed (1) for a determination that his claimed disabilities were service-connected (2) permanent disability compensation retroactively from June 21, 1944; and (3) a ruling that his disability was total from June 1, 1946 to September 1, 1954, for the purpose of compensation benefits and insurance premium waiver. In the same document, the veteran requested the Administrator to direct the Newark, New Jersey Regional Office of the Veterans' Administration to furnish him with copies of certain documents which he alleges were furnished to other similarly situated veterans.

In his petition to the United States Attorney, Napier sought (1) an award of total permanent disability compensation from June 21, 1944; (2) a restoration of his rights to National Service Life Insurance benefits; (3) a restoration of his

rights to National Service Life Insurance benefits for the period June 1, 1946 to August 9, 1954, which he claims were denied him by the administrative decision of May 17, 1946; (4) a restoration of his rights to disability compensation benefits which he alleges were denied by the administrative review decision of June 11, 1946; (5) recovery of his records from the possession of the Veterans' Administration; and (6) a termination of what he characterizes in general language as "racial discrimination" against him. He avers that although he saw a rate sheet upon which his monthly compensation rate was $124.50, effective February 21, 1958, he is still receiving only $55 a month on that account.

Upon the return of the notices of the respective motions (1) of the defendants to dismiss the complaint, and (2) of the plaintiff for appointment of an attorney, oral argument thereon was heard. Upon the conclusion of the argument decision was reserved upon both motions pending further examination of the complaint and of the briefs submitted in behalf of each of the parties.

■ This Court is without jurisdiction over the defendants Veterans' Administration and Whittier, Administrator. In this case, as in Mitchell v. United States, D.C.N.J.1952, 111 F.Supp. 104, the failure of Congress to constitute the Veterans' Administration a body corporate, or to authorize it to be sued as such renders it immune to suit. See Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. This Court has also failed to acquire jurisdiction over the Administrator in this District. His official residence, for purposes of suit, is the District of Columbia. Service of summons upon him there was ineffective to subject him to the jurisdiction of this Court. Rule 4(f) F.R.Civ.P., 28 U.S. C.A.; Harry L. Crowley & Co. v. R. F. C., D.C.N.J.1953, 14 F.R.D. 460; Pinkus v. Walker, D.C.N.J.1945, 61 F.Supp. 610. Only a Court of the District of Columbia has competent jurisdiction to reach the defendant Whittier. See Blackmar, supra. This Court lacks jurisdiction over the Administration and over the Administrator. Neither service upon the chief attorney of the Administration's regional office at Newark, nor upon any other representative thereof, was effective to clothe this Court with jurisdiction over the Administration, and personal service on the Administrator in the District of Columbia is ineffective for the acquisition of personal jurisdiction over him in this District of New Jersey. The complaint will be dismissed as to the Veterans' Administration and as to its Administrator, Sumner G. Whittier.

In the present action the relief prayed for by the plaintiff has two aspects, viz., (1) a claim for payment of disability compensation in an increased amount, and (2) a claim for refund of premiums paid by deduction from disability compensation payments in the period June 1, 1946 to September 1, 1954, during which waiver of premium upon plaintiff's National Service Life Insurance policy was denied.

The defendant United States of America contends that the complaint in this case fails to state a claim upon which relief can be granted because of the provision in 38 U.S.C. § 211(a) that "the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive, and no other official or any court of the United States shall have power or jurisdiction to review any such decision." The constitutionality of the foregoing statutory provisions has been upheld in Strong v. United States, D.C.Mass.1957, 155 F.Supp. 468, appeal dismissed 356 U.S. 226, 78 S.Ct. 709, 2 L.Ed.2d 712.

■ The finality of the Administrator's decision upon the plaintiff's disability compensation claim and the pendency of the appeal before the Board of Veterans' Appeals deprives this Court of jurisdiction as to such claim. See 38 U.S.C. §§ 211(a) and 4004; Magnus v. United States, 7 Cir., 1956, 234 F.2d 673, certiorari denied 352 U.S. 1006, 77 S.Ct. 569, 1 L.Ed.2d 551.

However, subsection 38 U.S.C. § 211(a) is, by its terms inapplicable to cases contemplated by section 784 of the same Title.[1] Although this section (38 U.S.C. § 784(a)) gives this Court jurisdiction of a veteran's action on a claim arising under a contract of National Service Life Insurance, subdivision (b) of the same section conditions that right to judicial review upon the bringing of an appropriate action upon the claim "within six years after the right accrued for which the claim is made." The same subsection fixes the accrual of the right "on the happening of the contingency on which the claim is founded." Part of the relief which the plaintiff here seeks is a refund of premiums paid during the period for which waiver of premiums was refused upon his National Service Life Insurance policy. The complaint discloses that a waiver of such premiums was granted September 21, 1943 but discontinued effective May 31, 1946. The limitation statute referred to provides that the running of the six-year period is suspended between the filing of the claim and the denial thereof. Defendants argue that the files of the Veterans' Administration reveal that the plaintiff made written claim by letter to the Veterans' Administration, dated July 23, 1946, which was treated as an application for reconsideration of the Administration's denial of further waiver of premiums, and that the Administration advised the plaintiff by letter of October 15, 1946, that its premium waiver termination decision of May 17th of that year would remain in effect. Therefore, despite this three months' suspension of the running of the six-year limitation period, it expired August 24, 1952, without any attempt on the part of the plaintiff to review the decision of the Administrator. Assuming as true the facts as so stated by the defendants, recovery upon any claim for restoration of premium waiver would be barred by the period of limitation which expired eight years ago.

Respecting the veteran's complaints that he was refused treatment, inadequately treated, or otherwise improperly dealt with by physicians, or other employees of the Veterans' Administration, his so-called complaint fails to set forth a claim upon which relief could be granted in this action. In the first place, the veteran's pleading is utterly barren of any specific allegation of misconduct on the part of any individual connected with the Veterans' Administration from which the existence of a cause against such individual or individuals or against the Administration or the Administrator could be reasonably in-

---

1. Insofar as material here, section 784 of Title 38 provides:

"§ 784. Suits on Insurance.

"(a) In the event of disagreement as to claim, including claim for refund of premiums, under contract of National Service Life Insurance * * * between the Veterans' Administration and any person * * * claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person * * * resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies.

"(b) No suit on * * * National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. The limitation of six years is suspended for the period elapsing between the filing in the Veterans Administration of the claim sued upon and the denial of said claim * * *. No State or other statute of limitations shall be applicable to suits filed under this section.

*       *       *       *       *

"(h) The term 'claim' as used in this section means any writing which uses words showing an intention to claim insurance benefits; and the term 'disagreement' means denial of the claim, after consideration on its merits, by the Administrator or any employee or organizational unit of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator."

ferred. Furthermore, since the Administrator has not been brought into Court in this action and none of the individual representatives of the Administration of whose conduct the veteran complains has been made a party to this proceeding, no relief could be effectively afforded in this case appropriate to the general dissatisfaction with the conduct of the representatives of the Administration expressed by the veteran in his pleading.

The motion of the defendants to dismiss the complaint is granted. The motion of the plaintiff for appointment of an attorney is denied. An appropriate order may be presented in accordance with the views hereinabove expressed.