**Opal L. TAYLOR and Mary A. Taylor, Plaintiffs,**

**v.**

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 552.**

United States District Court
W. D. Arkansas,
Harrison Division.

Feb. 17, 1967.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

In this action the plaintiffs, Opal L. Taylor, and Mary A. Taylor, seek a review of the final decision of the Secretary of Health, Education and Welfare, denying them benefits under the Social Security Act as the widow and daughter of Darwin P. Taylor, deceased. (42 U.S.C.A. § 402(d) and § 402(g))

Plaintiffs have exhausted administrative remedies and requesting the court to review adverse decision under 42 U.S.C.A. § 405(g).

Plaintiffs filed an application on May 20, 1964, for "Survivors Insurance Benefits" as the widow and mother of the child of Darwin P. Taylor, deceased wage earner. The claim was denied initially by the Kansas City Payment Center of the Social Security Administration on the basis that at the time of the decedent's death, July 28, 1949, he lacked the six "quarters of coverage" necessary to entitle his widow and afflicted child the benefits sought under Social Security Act.[1]

Plaintiffs sought and obtained a hearing before a Hearing Examiner of the office of the Bureau of Hearings and Appeals, Social Security Administration. The hearing was conducted by an Examiner on March 11, 1965, at Little Rock, Arkansas; both plaintiffs appeared in person without the assistance of counsel; voluminous documentary evidence, medical and other reports, including an opinion of this court, John E. Miller, Judge, dated June 12, 1953, (Taylor v. United States, D.C., 113 F.Supp. 143), in an ancillary proceeding, and the opinion of the United States Court of Appeals, Eighth Circuit, April 21, 1954, affirming the District Court, (Taylor v.

Chas. R. Garner, Garner & Parker, Fort Smith, Ark., for plaintiff.

Ned A. Stewart, Jr., Asst. U. S. Atty., Fort Smith, Ark., for defendant.

---

1. For the purposes of this subchapter—
(1) The term "quarter", and the term "calendar quarter", means a period of three calendar months ending on March 31, June 30, September 30, or December 31. 42 U.S.C.A. § 413.
The term "fully insured individual" means any individual who had not less than—
\*   \*   \*   \*   \*   \*   \*

(3) in the case of an individual who died before 1951, 6 quarters of coverage; \* \* \*.
The term "currently insured individual" means any individual who had not less than six quarters of coverage during the thirteen-quarter period ending with (1) the quarter in which he died \* \* \*. 42 U.S.C.A. § 414.

Taylor et al., 211 F.2d 794), were made a part of the record; and both plaintiffs testified in support of their claim.

Upon the record and ore tenus testimony the Examiner filed a written opinion on March 23, 1965, denying the claim of the plaintiffs. In a timely request, plaintiffs sought and obtained a review of the Examiner's decision by the Administration's Appeal Council, which considered the decision of the Examiner, the record of the hearing and certain additional evidentiary material.

The Appeals Council on January 19, 1966, affirmed the decision of the Examiner, which became the final decision of the Secretary.

This timely suit followed. Jurisdiction is not questioned and is established. 42 U.S.C.A. § 405(g).

It is submitted to the court on a motion of the defendant for summary judgment. Each party has filed briefs on the motion as to their respective contentions.

The issue between the parties is whether or not the Secretary should have included the period of time the decedent spent in active service of the United States Navy between September 16, 1940, and July 24, 1947, in computing his quarters of coverage for the purpose of determining if his widow and child were entitled to benefits under the Social Security Act. 42 U.S.C.A. § 417.

If that period of active service had been included in the calculation of quarters of coverage, Decedent Taylor had substantially more than the required six quarters; and if such period of service is correctly excluded, the wage earner had less than the required six quarters. The Social Security Agency made a determination at all levels that the period of service should have been excluded.

The controlling facts in the case are not in dispute. The sole basis of the claim of the plaintiffs is that the decedent, Darwin P. Taylor, as husband and father, was mentally incompetent to make a determination for himself as to his choice of retirement at the time he was honorably retired from almost twenty years of Naval service, May 7, 1948.

Upon being relieved from active duty status, he was awarded retirement pay by the Navy. His entitlement to retirement pay, as well as the computation of the amount, was based on his entire record of service, including his active service in the United States Navy between September 16, 1940, and July 24, 1947.

The deceased wage earner served continuously in the Navy from the date of enlistment in 1928 until he was retired in 1948. He was an officer during his active duty service and at the time of his retirement. He and the plaintiff, Opal L. Taylor, were married in 1932. The plaintiff, Mary A. Taylor, was born to this marriage on June 22, 1935.

This service man, Taylor, was the holder of a $10,000 policy of National Service Life Insurance. In 1944, while the policy was in force, he attempted to change the beneficiary named in the policy from his wife, plaintiff herein, to his father, Crawford B. Taylor.

Before, during, and after 1944, the decedent Taylor's behavior as determined by the United States District Court, was "bizarre", which constituted evidence of mental disease. The Court made a finding "that on April 23, 1944, Darwin P. Taylor did not have sufficient mental capacity to comprehend the nature and consequence of his act in attempting to change the beneficiaries of his National Service Life Insurance policy." (Taylor v. United States, supra) It was further pointed out the decedent acquired delusions of various physical ailments; he also had an insane delusion of marital discord instituted during this period (1944) when deceased was under extraordinary stress, which persisted until his death. In the meantime, he had returned to active duty until his voluntary retirement, (1948).

In due time, following the death of the decedent in 1949, the Veterans' Administration awarded Survivor Benefits to the widow and daughter under Veterans' Benefit Acts as provided by Congress.

The award of the Veterans' Administration became service-connected.

The basis of the decision of the Hearing Examiner which became the finding of the Agency and final decision of the Secretary in excluding the period of Taylor's World War II active service in his quarters of coverage for Social Security purposes, was the fact that such period of his active service was included by the Navy in computing his retirement benefits payable to him on separation from active duty in 1948.

Under the Social Security Act, veterans are provided coverage for any part of service in the active military or naval service of the United States during World War II. However, such provision is not applicable if—

> "[A] benefit * * * which is based, in whole or in part, upon the active military or naval service of such veteran during World War II is determined by any agency or wholly owned instrumentality of the United States (other than the Veterans' Administration) to be payable by it under any other law of the United States or under a system established by such agency or instrumentality." 42 U.S. C.A. § 417.

It is undisputed that when the decedent Taylor left the Navy in 1948, he applied for and obtained retirement pay under the United States Navy Retirement Act. Also, it is undisputed and, in fact, admitted, that his active World War II service after September 16, 1940, was included in computing the amount of benefits payable to him on his retirement.

The only questions for this court's determination are whether or not the Secretary in his decision applied correct standards of law and whether or not his findings were supported by substantial evidence. 42 U.S.C.A. § 405(g).

With his timely answer, the Secretary filed a certified copy of the transcript of the record which included the decision of the Hearing Examiner, upon which the finding and decision complained of are based.

The plaintiffs contend that on account of the mental incompetency of their husband and father his service during World War II should be credited as quarters for coverage for Social Security purposes, notwithstanding the fact, that his entire service of World War II for coverage purposes was included in computing the amount of his retirement pay on leaving the service.

The plaintiffs seriously contend that in view of the decision of the court, John E. Miller, Judge, (Taylor v. United States, supra) the decedent should have been adjudged incompetent by the Board for correction of Naval records. It should be pointed out that the Board considered an application for correction of decedent's Naval records in 1965, and on review of the facts decided that insufficient evidence was presented to support allegations of error and injustice. No review of the Board's decision was requested and no appeal was made to the courts.

No question was raised as to the decedent's mental incompetency at the time of his retirement from active duty. The question was not raised until after his death. In fact, the plaintiffs herein received Naval retirement pay after his death as his widow and dependent child.

It is also urged that in view of the ultimate decision of the Veterans' Administration in approving service-connected benefits for the decedent's widow and dependent child, that it follows they should be entitled to insurance benefits as provided by the Social Security Act. It should be observed that with the provision for special exceptions for World War II veterans to be given credit for time in active service during World War II for Social Security purposes, the restrictions thereto make an exception to the Veterans' Administration from other agencies of the government.

Thus, it follows that the limitation that a World War II veteran shall not be credited as self-employed for the time of his service, if he received retirement pay

under another system by any agency of the government on which such services is based, does not include the Veterans' Administration. Neither would a decision of the Veterans' Administration have any bearing on a determination of another agency of the United States Government, such as the Social Security Agency.

The Hearing Examiner made no finding as to the mental incompetency of the decedent as of the time of his retirement. He evidently considered that his mental condition at that time was not material in this proceeding. The Examiner stated the issue succinctly, as follows:

"Does the judicial ruling of incompetency of deceased make it possible for a survivor, otherwise entitled to benefits, to vitiate the use of naval quarters of coverage as a base for naval retirement benefits awarded, and require that those quarters of coverage be used as a base, instead, to establish entitlement to Social Security benefits?"

The Hearing Examiner answered the question in the negative. The Court agrees.

The argument of plaintiffs would establish a rule of law that would permit a widow or dependent child of a retired service man to enjoy indirectly during the post-retirement lifetime of a spouse or father, the higher benefits resulting from including in his retirement income base the period of time after September 16, 1940, in active military service and then following his death to permit relevant quarters of military or Naval coverage treated as though they had been excluded from his retirement pay base and included in his Social Security quarters of coverage. This "have their cake and eat it, too," contention finds no support in the statute or regulations.

■ It must be kept in mind that a person's right to have quarters of coverage credited to him for Social Security purposes or to receive benefits under the Social Security Act is not a contractual right. It is a right dependent wholly upon the relevant statutes and regulations;

as far as the Court can ascertain the Social Security Act and the regulations promulgated thereunder make no distinction between a service man who is mentally competent when he retires from service and one who is mentally incompetent.

No reason appears to the Court why a widow or child of a soldier or sailor who is incompetent at the time of his retirement from active duty should be accorded more favorable treatment than the widow or child of a service man who is in full possession of his mental faculties when he is placed on retirement in accordance with his record of service. There can be no basis for any such decision whether in logic or in the Social Security Act as amended or any regulations promulgated thereunder.

■ Even though it has been adjudged that the decedent had delusions of marital disorder, which were continuous, there has been no decision, judicial or otherwise, as to his mental capacity to comprehend at the time of his retirement. Nevertheless, in the opinion of the Court, it is entirely immaterial in the present context whether as of the time of his retirement a service man who has attained the period of service and meets the requirements for retirement under the law, possesses or lacks contractual or testamentary capacity. If his post-September, 1940, quarters of coverage are in fact included in calculating his retirement pay, it is only reasonable they cannot after his death be considered as quarters of coverage for Social Security purposes.

It is the opinion of the Court that the Hearing Examiner correctly stated the question and applied correct legal standards in his decision which was adopted and became the final decision of the Secretary. It is also the opinion of the court that the findings were supported by substantial evidence.

The motion of the Secretary for Summary Judgment will be granted and the decision of the Secretary affirmed. An Order will be entered accordingly.