**Beatrice M. ANDERSON, Plaintiff-Appellant,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 71–1317.** ·

United States Court of Appeals, Sixth Circuit.

Jan. 31, 1972.

Edward R. Stege, Jr., Cleveland, Ohio, for plaintiff-appellant.

Thomas J. Press, Dept. of Justice, Washington, D. C., for defendant-appellee; L. Patrick, Gray, III, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, on brief.

Before WEICK, PECK and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This appeal arises out of a decision of the district court declining to request the convening of a three-judge district court and granting summary judgment for the defendant resulting in a dismissal of the action.

In 1968, the appellant, Mrs. Beatrice Anderson, applied for and received monthly Survivors' Benefits (OASDI) as the widow of the deceased insured, Napoleon Anderson. The benefits totaling $108.90 per month were paid by the Social Security Administration under Title II of the Social Security Act, 42 U.S.C. § 401 et seq.

On October 7, 1969, Mrs. Anderson received a letter from the Chicago Payment Center, Social Security Administration, advising her that her eligibility for benefits had been erroneously determined, inasmuch as its record showed that she was not, in fact, the widow of the deceased. This termination grew out of an adverse claim for the benefits filed by Malinda Owens on March 13, 1969. Upon receipt of the adverse claim, the Social Security Administration had solicited evidence of eligibility from both the appellant and Malinda Owens. At this point in the proceedings, Mrs. Anderson was interviewed in the district office and submitted additional data. On the basis of the evidence presented by both claimants, a decision was rendered in favor of Malinda Owens. On October 17, 1969, after receiving the October 7 termination notice, Mrs. Anderson submitted a request for reconsideration as provided for by the procedures of the Social Security Administration.[1] 42 U.S.C. Section 405(b) provides that no payments are made during the period of administrative review.

On May 11, 1970, Mrs. Anderson filed suit in district court, claiming that the

---

1. In its January 15, 1971 order, the district court found it "disturbing" that this request had not yet been acted upon. The status of her request does not appear to have changed at this writing. We too find this disturbing.

procedure for terminating OASDI benefits "deprived her of due process rights prior to termination, under the Fifth Amendment . . ., in that she was given no meaningful opportunity to challenge the Government's evidence, or to introduce evidence in her own behalf, prior to the termination of benefits." As she sought to have a federal statute declared unconstitutional and its enforcement restrained, the appellant moved for the convening of a three-judge district court pursuant to 28 U.S.C. Section 2282.

On July 17, 1970, the appellee moved for dismissal of appellant's suit for lack of jurisdiction and, in the alternative, for summary judgment. On January 16, 1971, the district court denied the motion for a three-judge court and granted the Secretary's motion for summary judgment. In a memorandum opinion the district court explained the basis of its decision that the claim presented by Mrs. Anderson was "unsubstantial":

> . . . the plaintiff has requested a three-judge court be convened under 28 U.S.C. section 2282 to consider the constitutionality of 42 U.S.C. section 405. It is for this Court, then to determine whether a sufficiently substantial constitutional question has been raised to justify invoking Section 2282.
>
> The Court finds that the issues raised by the plaintiff, while clothed in constitutional phraseology, are not in fact of constitutional proportions. The procedures adopted by the Social Security Administration to determine eligibility for benefits are fair ones. In view of the provisions for administrative review and for hearings after termination of benefits, the mere absence of an evidentiary hearing prior to termination does not present an unconstitutional denial of due process rights.
>
> In recent years courts have begun to recognize a right to a pre-termination hearing on eligibility for welfare benefits. Kelly v. Wyman, D.C., 294 F. Supp. 893 (1968) reaff'd sub nom.

Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The case before this court, however, involves not welfare but Social Security benefits. As the plaintiff admits *in her case the loss of her widow's benefits does not have the draconian effects of a denial of welfare funds.* In this situation a pretermination evidentiary hearing would not seem to be constitutionally required.

■ The responsibility of a district judge in determining whether to request a three-judge district court is narrow and by no means extends to consideration of the merits of the question presented. In Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), a case in which the Supreme Court agreed with the Second Circuit that a district judge had erred in failing to take steps to convene a three-judge court, the Court discussed the limited nature of the judge's authority and the criteria he must apply in exercising it:

> We agree with the Court of Appeals that a three-judge court should have been convened in this case. When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the. case presented otherwise comes within the requirements of the three-judge statute. Those criteria were assuredly met here, and the applicable jurisdictional statute therefore made it impermissible for a single judge to decide the merits of the case, either by granting or by withholding relief. 370 U.S. at 715, 82 S.Ct. at 1296.

See also, Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Calloway v. Briggs, 443 F.2d 296 (6th Cir. 1971); and Jones

v. Branigin, 433 F.2d 576 (6th Cir. 1970).

█ It is well settled that assessment of the substantiality of the constitutional issue presented is to be based upon the complaint. For example, the Supreme Court stated in Ex Parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4, 78 L. Ed. 152 (1933): "The existence of a substantial question of constitutionality must be determined by the allegations of the complaint." Thus, in such matters, the single district judge may not allow his views regarding the ultimate merits to intrude upon his decision. In this regard, see especially our recent decision in Calloway v. Briggs, *supra.*

We are aware that mere incantation of terms such as "substantial" or "insubstantial" affords only limited assistance. The Supreme Court has on more than one occasion addressed itself to this problem. In Ex Parte Poresky, *supra* the Court stated:

> The question may be plainly unsubstantial, either because it is "obviously without merit" or because "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." Levering & Garrigues Co. v. Morrin, [289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062] *supra*; Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288, [30 S.Ct. 326, 54 L.Ed. 482;] McGilvra v. Ross, 215 U.S. 70, 80, [30 S.Ct. 27, 54 L.Ed. 95]. 290 U.S. at 32, 54 S.Ct. at 4.

█ In the instant case, the district court did not rely upon nor does the appellee cite Supreme Court cases which "foreclose" the issue raised by the complaint. Indeed, the decision below and the argument of appellee ultimately turn upon the effect of the recent and closely analogous Supreme Court decision in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

In order to determine the impact of Goldberg v. Kelly, *supra,* on the problem before us it is necessary to understand fully the Court's reasoning in that case. It was there held that a state's termination of public assistance payments to a particular welfare recipient without affording him or her the opportunity for an evidentiary hearing prior to termination denies that recipient procedural due process in violation of the Due Process Clause of the Fourteenth Amendment. The appellant argues simply that the same rule must apply in the case of widow's insurance (OASDI) benefits.

In *Goldberg,* the Court first rejected the notion that public assistance benefits are a "privilege" and not a "right," holding that "such benefits are a matter of statutory entitlement for persons qualified to receive them." 397 U.S. at 262, 90 S.Ct. at 1017. (It is not disputed that the same must be said of the benefits which were terminated in Mrs. Anderson's case.) Having rejected the argument that such "benefits" are "privileges," and not "statutory rights," the Court made clear that the "extent" of due process protection which must be afforded such rights is to be determined by a weighing and balancing of the relevant interests. Mr. Justice Brennan discussed the balancing test in these words:

> The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be "condemned to suffer grievous loss," . . . and depends upon whether the recipient's interest in avoiding that loss outweighs the governmental interest in summary adjudication. Accordingly, . . . "consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." 397 U.S. at 262, 263, 90 S.Ct. at 1017, 1018.

In striking the balance in *Goldberg* the Court focused upon three relevant interests: the recipient's interest in the

"uninterrupted receipt of public assistance," the state's interest that his payments not be erroneously terminated, and "the State's competing concern to prevent any increase in its fiscal and administrative burdens." Assessing these factors, the Court held that the first, coupled with the second, "clearly outweighs" the third.

The district court and the appellee ultimately rest their argument that Mrs. Anderson's constitutional challenge is "insubstantial" on the ground that the interests of recipients of Survivors' Benefits are not so significant as those of welfare recipients. Since no "means test" is involved in eligibility for OASDI benefits, many of the receipients of such benefits are able to live without them. As many recipients of Survivors' Benefits are not made destitute by their loss, the appellee and the court below distinguish *Goldberg* and assert that Mrs. Anderson's constitutional claim is "insubstantial."

In so arguing the appellee cites the following language of the Court in *Goldberg* as offering proof of that ruling's inapplicability:

> For qualified recipients, welfare provides the means to obtain essential food, clothing, housing, and medical care. Cf. Nash v. Florida Industrial Commission, 389 U.S. 235, 239 [88 S. Ct. 362, 19 L.Ed.2d 438] (1967). Thus the crucial factor in this context —a factor not present in the case of the blacklisted government contractor, the discharged government employee, the taxpayer denied a tax exemption, or virtually anyone else whose governmental entitlements are ended—is that termination of aid pending resolution of a controversy over eligibility may deprive an *eligible* recipient of the very means by which to live while he

waits. Since he lacks independent resources, his situation becomes immediately desperate. His need to concentrate upon finding the means for daily subsistence, in turn, adversely affects his ability to seek redress from the welfare bureaucracy. 397 U.S. at 264, 90 S.Ct. at 1018–1019.

It may very well be that the factor focused upon by the appellee and the court below will prove determinative as the reach of the *Goldberg* doctrine is clearly delineated. However, the Court's finding that a certain factor—that *all* welfare recipients are presumed to be at the poverty level—is "crucial" in the "context" considered in *Goldberg*, does not necessarily give rise to the negative inference that the Court would not find it "crucial" that a certain (perhaps not insignificant) number of Survivors' Benefit recipients may also be without independent means and at or near the poverty level.

Whether or not a pre-termination hearing is appropriate in the context of Survivors' Benefits depends upon the outcome of a weighing of the interests involved in the same manner that the Court weighed the respective interests asserted in *Goldberg*. As many factors are involved in such a process we are not in position to say either that the constitutional issue here presented has been "foreclosed" or that it is "insubstantial," or "obviously without merit." It follows that the merits of the claim, as to which we express no opinion, should be assessed by a three-judge court.

Accordingly, the judgment of the district court is reversed and the action is remanded to that court with directions that it request the Chief Judge of the Circuit to designate a three-judge court pursuant to 28 U.S.C. Sec. 2282.