**Carl P. HOLLEY, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

Civ. A. No. 71–401.

United States District Court,
S. D. Ohio, E. D.

Oct. 31, 1972.

Barkan, Barkan & Neff, Irwin W. Barkan, Columbus, Ohio, Charles W. Frayne, Springfield, Ohio, for plaintiff.

William W. Milligan, U. S. Atty., W. Robinson Watters, Asst. U. S. Atty., Columbus, Ohio, for defendants.

OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on plaintiff's motion to convene a three judge court pursuant to the provisions of Title 28, United States Code, Sections 2282 and 2284, for the purpose of determining the constitutionality of 38 U.S.C. § 211(a) and 38 C.F.R. § 14.655. The United States has filed a motion to dismiss the action for lack of jurisdiction over the subject matter.

Section 211(a) provides that no court of the United States shall have the power or jurisdiction to review the decisions of the Administrator of the Veterans Administration. Section 14.655 of the Code of Federal Regulations establishes the maximum fees payable to an agent

or attorney of record in a proceeding before the Veterans Administration.

Plaintiff is a veteran who claims that he is entitled to a disability pension because of an alleged service connected disability. His claim has been rejected by the Veterans Administration. Plaintiff seeks an injunction to compel the Veterans Administration to grant him a pension.

■ When, as here, an application for a three judge court is made under Title 28, U.S.C. §§ 2282 and 2284, the district court's initial inquiry is whether a substantial constitutional question exists. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Anderson v. Richardson, Secretary of H. E. W., 454 F. 2d 596 (6th Cir. 1972); see also Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Calloway v. Briggs, 443 F.2d 296 (6th Cir. 1971); Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970). The existence of a substantial constitutional question must be determined from the allegations of the complaint. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

■ A three judge court is not necessary when the constitutional question raised in the complaint is "obviously without merit" and thus not substantial. Ex parte Poresky, *supra*; Anderson v. Richardson, Secretary of H. E. W., *supra*; Jones v. Branigin, *supra*. Such is the case here. The Supreme Court has repeatedly stated that Congress may preclude judicial review of administrative action if it so chooses. Barlow v. Collins, 397 U.S. 159, 165–167, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Data Processing Service v. Camp, 397 U.S. 150, 156–158, 90 S.Ct. 827, 25 L. Ed.2d 184 (1970); Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); K. Davis, Administrative Law Text § 28.04 (1972). The test is whether "Congress has in express or implied terms precluded judi-

cial review. . . ." Barlow v. Collins, *supra*, 397 U.S. at 165, 90 S.Ct. at 837. It is clear both on the face of this statute and from its legislative history that Congress has exercised its power to preclude judicial review. *See* H.R.Rep.No.1298, 85th Cong., 2d Sess. (1958). The constitutionality of this provision has been upheld on numerous occasions. Milliken v. Gleason, 1 Cir., 332 F.2d 122, cert. den., 379 U.S. 1002, 85 S.Ct. 723, 13 L. Ed.2d 703 (1965); Hoffmaster v. Veterans Administration, 444 F.2d 192 (3d Cir. 1971); Fritz v. Veterans Administration, 427 F.2d 154 (9th Cir. 1970); Strong v. United States, 155 F.Supp. 468 (Mass.1957); *see also* Lynch v. United States, 292 U.S. 571, 582, 54 S.Ct. 840, 78 L.Ed. 1434 (1934); United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919).

■ This Court would not hesitate to consider the merits of this action if the Veterans Administration had acted without statutory authority or if plaintiff had been denied a constitutional right. Such is not the case here. Therefore, this Court has no jurisdiction to review the determination of Veterans Administration.

■ Plaintiff also requests a three judge court to consider the constitutionality of 38 C.F.R. § 14.655 which establishes the maximum fees payable to an agent or attorney of record in a proceeding before the Veterans Administration. However, a three judge court is only required where an injunction is sought against an act of Congress. Therefore, a three judge court is not required in an action challenging the constitutionality of a section of the Code of Federal Regulations.

■ In addition, such limitations on attorney's fees are clearly constitutional. *See* 38 U.S.C. § 3404; Hoffmaster v. Veterans Administration, 444 F.2d 192 (3d Cir. 1971); Hines v. Lowery, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938); Margolin v. United States, 269 U.S. 93, 46 S.Ct. 64, 70 L.Ed. 176 (1925); Gos-

tovich v. Valore, 153 F.Supp. 826 (W.D. Pa.1957), aff'd 257 F.2d 144 (3d Cir. 1958), cert. den., 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959); *Cf.* Calhoun v. Massie, 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843 (1920).

 It is clear that when a complaint seeking a three judge court is filed with the district court the court *qua* court has the power to dismiss the complaint if it determines that no substantial constitutional question exists. *See e. g.,* Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Jones v. Branigin, 433 F.2d 576 (6th Cir. 1970). It is the determination of the Court that since no substantial federal question has been presented it is appropriate to dismiss the complaint.

Whereupon, the Court determines that plaintiff's request for a three judge court is without merit and it is therefore denied. The Court determines that the complaint must be and it hereby is dismissed.

It is so ordered.