**Opal Lee TAYLOR and for Mary A. Taylor, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. H–73–C–9.**

United States District Court,
W. D. Arkansas,
Harrison Division.

July 2, 1974.

Mrs. Opal Lee Taylor, Mary A. Taylor, pro se.

Sam Hugh Park, Asst. U. S. Atty., for defendant.

MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

This case has a bizarre and unique factual background. Plaintiffs are the widow and afflicted child of Darwin Taylor.

Darwin Taylor was in the United States Navy on active duty from 1928 to May 7, 1948, when he transferred to the Fleet Reserve in which status he drew benefits as provided by the laws in force at that time.

On July 28, 1949 he died from wounds inflicted on him by the plaintiff, Opal Lee Taylor, his wife, now his widow.

Opal Lee Taylor was tried in the State Court of Arkansas for shooting and killing her husband and was acquitted.

Mrs. Taylor, as widow of Darwin, was initially awarded "Death Compensation" of $54 per month commencing July 29, 1949, the day after Darwin Taylor's death.

Mrs. Taylor then commenced an action to recover $10,000 (plus) on the National Service Life Insurance policy of her deceased husband. The factual background of that case and the opinion of Hon. John E. Miller is reported in 113 F.Supp. 143 (D.C.1953). Judge Miller held that:

"Thus, the fact that the plaintiff herein was acquitted of the criminal charge prosecuted against her in the state court is not binding on this Court, but the Court is convinced from the testimony that in shooting her husband the plaintiff was acting in necessary self defense and should not be denied recovery under the policy by reason of that fact."

Judge Miller also held:

"Applying the law . . . to the facts in the instant case, the Court is of the opinion that on April 23, 1944, Darwin P. Taylor did not have sufficient mental capacity to know the nature and consequence of his act in attempting to change the beneficiary of his National [Service] Life Insurance policy and was acting under a material

delusion, and that he therefore could not and did not effect a valid change of beneficiary."

The decision of the district court was affirmed by the Court of Appeals for the Eighth Circuit in an opinion reported at 211 F.2d 794 and the insurance proceeds were paid to Mrs. Taylor.

Mrs. Taylor then sought to recover Social Security benefits for herself and daughter as dependents of her deceased husband. Benefits were administratively denied and the denial affirmed by the District Court in an opinion reported at 264 F.Supp. 610. The Court of Appeals reversed the district court in an opinion reported at 393 F.2d 257 (1968) and directed award of Social Security benefits.

In addition to Life Insurance benefits and Social Security, the Veteran Administration payments to plaintiffs have been as follows:

TAYLOR, Darwin P.
XC 6 339 910

Opal Lee Taylor (Widow)     Mary Taylor (Child)

Monthly rate of payments received since date of veteran's death.

### DEATH PENSION PAID FOR WIDOW AND ONE CHILD

| Monthly Rate | Effective Dates | Amount |
|---|---|---|
| $ 54.00 | 7/29/49 to 6/30/52 | $ 1,893.60 |
| 60.00 | 7/1/52 to 9/30/54 | 1,620.00 |
| 63.00 | 10/1/54 to 4/2/63 | 6,430.20 |

### DEATH COMPENSATION PAID FOR WIDOW AND ONE CHILD

| | | |
|---|---|---|
| 121.00 | 4/3/63 to 5/21/64 | 1,165.63 |

### DEPENDENCY AND INDEMNITY COMPENSATION PAID FOR WIDOW ONLY

| | | |
|---|---|---|
| 165.00 | 5/22/64 to 8/31/64 | 544.50 |
| 166.00 | 9/1/64 to 8/31/65 | 1,992.00 |
| 171.00 | 9/1/65 to 6/30/66 | 1,710.00 |
| 173.00 | 7/1/66 to 9/30/67 | 2,595.00 |
| 176.00 | 10/1/67 to 6/30/68 | 1,584.00 |
| 179.00 | 7/1/68 to 6/30/69 | 2,148.00 |
| 187.00 | 7/1/69 to 11/30/69 | 2,431.00 |
| 206.00 | 12/1/69 to 5/4/71 | 3,529.46 |
| 234.00 | 5/5/71 to 12/31/71 | 1,840.81 |
| 257.00 | 1/1/72 to 1/31/74 | 6,425.00 |

### DEPENDENCY AND INDEMNITY COMPENSATION PAID FOR ONE HELPLESS CHILD

| | | |
|---|---|---|
| 77.00 | 5/22/64 to 12/31/66 | 2,387.00 |
| 80.00 | 1/1/67 to 6/30/70 | 3,360.00 |
| 88.00 | 7/1/70 to 12/31/71 | 1,584.00 |
| 92.00 | 1/1/72 to 1/31/74 | 2,300.00 |
| | | $45,540.20 |

An explanation of the amounts paid is as follows:

Mrs. Taylor was originally awarded by the Administrator of Veteran Administration "death pension," effective July 29, 1949, the day after her husband's death. The original amount of this death pension was $54.00 per month, but this amount was increased by the VA from time to time as the law permitted. On April 2, 1963, she was receiving a death pension of $63.00 per month and had, to that day, received a total of $11,109.43 paid to her by the VA as a death pension.

Effective April 3, 1963, the Board of Veterans Appeals determined that the survivors of Darwin P. Taylor were entitled to "service-connected death benefits" and from April 4, 1963, they received "Death Compensation" in the amount of $121.00 per month in place of the previous "Death Pension" of $63.00 per month. No retroactive benefits were paid.

In addition to the automatic transfer to "Death Compensation", plaintiffs became eligible to receive "Dependency and Indemnity Compensation" in lieu of "Death Compensation." They made that election and notified VA as quickly as the avenues of communication permitted, and their election was filed with VA on May 22, 1964.

Effective May 22, 1964, plaintiff Opal Taylor began receiving "Dependency and Indemnity Compensation" of $165.00 per month and her daughter Mary A. Taylor began receiving "Dependency and Indemnity Compensation" of $77 per month. These amounts were increased periodically as the law provided.

On May 5, 1971, after the decision in the NSLI case, where Darwin Taylor was held to be an incompetent, Mrs. Taylor made application to the United States Navy to have the rate and rank of her deceased husband reassessed because if he had elected to be placed in Rank O–3 instead of Grade E–7 the benefits payable to the plaintiffs as his sur-viving wife and child would have been at a higher figure.

In December 1971, Navy officials notified Mrs. Taylor that it was changing its record as to her late husband's pay rate in the final years of his life to that of Rank O–3.

Upon being notified by Mrs. Taylor of the Navy's action, the VA requested a new certificate as to pay grade from the Navy, pursuant to 38 U.S.C. § 421. That certificate, which is binding on the Administrator of Veterans Affairs, was received and Opal Taylor's check was increased from $206.00 per month to $234.00 per month *effective May 5, 1971,* the date on which she filed her request for correction of records. Her daughter's check, at that time $88.00 per month did not change.

As of January 1, 1974, the rate of VA compensation being paid to Opal Taylor was $257.00 per month and the payment to Mary A. Taylor was $92.00 per month. This is in addition to the Social Security benefits they are receiving.

After the notice from the Navy the Administrator of the VA through the regular channels reexamined the matter and granted the increased payments, but considered the VA bound as to retroactive or back payments of benefits by the terms of 38 U.S.C. § 3010, which in pertinent part applicable to the facts here is as follows:

"3010.  Effective dates of awards

"(a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

\*      \*      \*      \*      \*      \*

"(d) The effective date of an award of death compensation, dependency and indemnity compensation, or

death pension, where application is received within one year from the date of death, shall be the first day of the month in which the death occurred.

"(e) The effective date of an award of dependency and indemnity compensation to a child shall be the first day of the month in which the child's entitlement arose if application therefor is received within one year from such date.

"(f) An award of additional compensation on account of dependents based on the establishment of a disability rating in the percentage evaluation specified by law for the purpose shall be payable from the effective date of such rating; but only if proof of dependents is received within one year from the date of notification of such rating action.

"(g) Subject to the provisions of section 3001 of this title, where compensation, dependency and indemnity compensation, or pension is awarded or increased pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue. In no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier.

\*    \*    \*    \*    \*    \*

"(i) Whenever any disallowed claim is reopened and thereafter allowed on the basis of new and material evidence resulting from the correction of the military records of the proper service department under section 1552 of title 10, or the change, correction, or modification of a discharge or dismissal under section 1553 of title 10, or from other corrective action by competent authority, the effective date of commencement of the benefits so awarded shall be the date on which an application was filed for correction of the military record or for the change, modification, or correction of a discharge or dismissal, as the case may be, or the date such disallowed claim was filed, whichever date is the later, but in no event shall such award of benefits be retroactive for more than one year from the date of reopening of such disallowed claim. This subsection shall not apply to any application or claim for Government life insurance benefits. . . . ."

A fair reading of this applicable law forces us to the conclusion that the Administrator of VA was as liberal to these plaintiffs as it was possible for him to be. Mrs. Taylor had very ably presented the claims, her Congressman and Senator had provided such aid as they could, everyone went out of their way to provide maximum assistance to this widow and afflicted child; and as a result of the award by the Administrator they are drawing the maximum amounts payable to them under the law as has been set out in the above schedules.

The contention of the plaintiffs in this case is that they should be paid at the increased rate retroactively because they would have received the larger sum had the deceased husband, when alive and of sound mind, made the election which the plaintiffs point out would have been to the best interest of these plaintiffs. Of course, we have no assurance as to what the husband would have done had he been of sound mind at that time; but natural sympathy for a surviving widow and afflicted child make us want to presume that the husband would have made the wisest choice, and we presume that was the view taken by the Navy officials and by the Administrator of VA when he awarded them the maximum amounts. At any rate, it was the decision of the Administrator in the exercise of his discretion as vested in him by the laws of the United States.

The plaintiffs agreed with that part of the Administrator's decision which

awarded them the maximum amounts. Their complaint is that the VA did not pay benefits retroactively.

As we read 38 U.S.C. § 3010, the Administrator of VA applied the correct provisions of the law and paid to the plaintiffs the maximum amount possible. And again we emphasize that it is a "decision of the Administrator."

This brings us to the heart of the lawsuit which is governed by 38 U.S.C. § 211. To what extent can a U.S. District Court review a finding of the Administrator of the VA; and is such a review permitted or required under the evidence in this case?

Plaintiffs contend that they should have been paid at a different rate, and they should have been paid as follows:

TAYLOR, DARWIN P.

XC 6 339 910

Opal Lee Taylor (widow)   Mary Taylor (Child)

Death compensation rates for widow and one child from date of veteran's death.

| Monthly Rate | Effective Date | Amount |
|---|---|---|
| $100.00 | 7–29–49 to 11–30–49 | $    409.99 |
| 105.00 | 12–1–49 to 6–30–52 | 3,255.00 |
| 121.00 | 7–1–52 to 12–31–56 | 6,534.00 |

Widow's rate payable for dependency and indemnity compensation, pay grade 03 with over 4 years' service from 1/1/57, initial date of law.

| | | |
|---|---|---|
| 157.00 | 1–1–57 to 5–31–58 | 2,669.00 |
| 162.00 | 6–1–58 to 9–30–63 | 10,368.00 |
| 183.00 | 10–1–63 to 8–31–64 | 2,013.00 |
| 184.00 | 9–1–64 to 8–31–65 | 2,208.00 |
| 188.00 | 9–1–65 to 6–30–66 | 3,384.00 |
| 190.00 | 7–1–66 to 9–30–67 | 2,850.00 |
| 194.00 | 10–1–67 to 6–30–68 | 1,746.00 |
| 200.00 | 7–1–68 to 6–30–69 | 2,400.00 |
| 209.00 | 7–1–69 to 11–30–69 | 1,045.00 |
| 234.00 | 12–1–69 to 12–31–71 | 5,850.00 |
| 257.00 | 1–1–72 to 1–31–74 | 6,425.00 |

Helpless child's rate payable for dependency and indemnity compensation from 1–1–57, the initial date of the law.

| | | |
|---|---|---|
| 70.00 | 1–1–57 to  6–30–63 | 5,460.00 |
| 77.00 | 7–1–63 to 12–31–66 | 3,234.00 |
| 80.00 | 1–1–67 to 6–30–70 | 3,360.00 |
| 88.00 | 7–1–70 to 12–31–71 | 1,584.00 |
| 92.00 | 1–1–72 to 1–31–74 | 2,300.00 |
| | | $67,094.99 |

They claim they should have received a total of $67,094.99 because the determinations should all be made retroactive to the first day on which it would have been possible to pay such benefits had the deceased elected Rank O–3, no matter on what date they were formally claimed.

The relief which the plaintiffs actually seek from this Court is VA benefits

retroactive to July 28, 1949, the date of veteran's death, in the total sum of $21,554.79.

The provisions of law relating to effective dates of VA benefits awards are collected at 38 U.S.C. §§ 3010–3013 and the applicable part of 3010 has been cited. Under certain conditions the VA does award retroactive benefits to the date on which it received evidence to support a claim. The defendant, United States of America, asserts that each increase to Mrs. Taylor was either based on new evidence or on a new application by Mrs. Taylor for some correction.

Each award and each payment made to the plaintiffs has been pursuant to an award by the Administrator of the Veterans Administration and the plaintiffs have been diligent and zealous to claim any and all benefits to which they or either of them are entitled. It is well that Mrs. Taylor has been so diligent. Had she not been, it is doubtful that she and her daughter would today be drawing $257.00 per month for the widow, $92.00 per month for the helpless child plus Social Security benefits won by them after a hard court battle. But the point is that any and all amounts paid by the VA was and is pursuant to an "award by the Administrator of the VA."

38 U.S.C. § 211 as amended is as follows:

"§ 211. Decisions by Administrator; opinions of Attorney General

"(a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

"(b) The Administrator may require the opinion of the Attorney General on any question of law arising in the administration of the Veterans' Administration."

"As amended Pub.L. 89–214, § 1(b), Sept. 29, 1965, 79 Stat. 886; Pub.L. 89–358, § 4(h), Mar. 3, 1966, 80 Stat. 24; Pub.L. 91–376, § 8(a), Aug. 12, 1970, 84 Stat. 790."

And the annotation in U.S.C.A. as to the 1970 amendment is as follows:

"1970 Amendment. Subsec. (a) Pub.L. 91–376 substituted provisions that on or after October 17, 1940, except as provided in sections 775, 784, and chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors be final and conclusive and no other official or any court of the United States have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise, for provisions that, except as provided in the enumerated sections, the decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration be final and conclusive and no other official or any court of the United States have power or jurisdiction to review any such decision."

In De Rodulfa v. United States, 149 U.S.App.D.C. 154, 461 F.2d 1240, at p. 1258 (1972) the Court said:

". . . We hold that amended Section 211(a), properly construed, outlaws pending as well as future judicial reviews of the Administrator's determinations on claims for noncontractual benefits . . ."

Also, see Napier v. VA, 187 F.Supp. 723 (D.C.), affirmed 298 F.2d 445 (3 Cir.).

Sections 775 and 784 deal with Insurance and Chap. 37 deals with Home, Farm and Business laws, none of which affect the matters here under claim.

The claims of the plaintiffs fall within the terms of 211 and are not excluded.

The federal courts do not have authority to deal with the subject of non-contractual Veterans Benefits, either in an original suit or by way of reviewing VA action or inaction. It is clear from the face of the statute and from its legislative history that Congress has exercised its power to preclude judicial review of administrative action. Holley v. United States, 352 F.Supp. 175 at 176 (D.C.).

The Courts have accepted certain VA benefit cases despite the existence of 38 U.S.C. § 211(a). In the *Holley* case, the Court stated:

"This Court would not hesitate to consider the merits of this action if the Veterans' Administration had acted without statutory authority or if plaintiff had been denied a constitutional right." 352 F.Supp. 176.

At an early stage of this trial it became apparent that additional facts needed to be developed before this Court could rule on the jurisdictional issue or pass on the merits. A hearing was scheduled at Harrison, Arkansas.

Mrs. Taylor elected to represent herself and her daughter and personally presented her arguments to the court. The Court inquired if she desired licensed counsel and she responded that she did not—that she had been permitted to appear for herself and daughter previously and had been afforded fair and courteous treatment in court and with the Court's permission elected to represent herself and daughter in this case.

On January 28, 1974, both sides were invited to submit evidence. The record was left open for certain documents to be submitted, and on May 13, 1974, both sides rested and the case was taken under advisement. The Court, over the objection of the Government, elected to decide the case on its merits rather than on defendant's motion to dismiss.

Neither negligence nor laches can be attributed to the plaintiffs; they have been vigorous in pursuit of their rights from the time of the death of Darwin P. Taylor.

The Administrator of the VA has denied the claims of the plaintiffs and this case is an attack on that denial. There is no proof to indicate that the action of the Administrator is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.

Mrs. Taylor received repeated hearings before officials who believed in good faith that they were following the law and regulations as they existed from time to time. The fact that she was ultimately successful on the facts that existed in 1948 will not, without more, support a finding of bad purpose or arbitrary action on the part of the administrator of the VA.

The federal courts have repeatedly stated that when Congress creates new rights in an individual (as opposed to fundamental, Constitutional rights) it is under no obligation to provide a remedy through the Courts, but may provide an administrative remedy. Moreover, Veterans benefits are gratuities and establish no vested rights in the recipients. Milliken v. Gleason, 332 F.2d 122 (1st Cir. 1964).

It is well at this point to discuss the case of Johnson, Admr. v. Robison, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389, decided by the U.S. Supreme Court on March 4, 1974 in which Justice Brennan stated:

"Plainly, no explicit provision of § 211(a) bars judicial consideration of appellee's constitutional claims. That section provides that 'the *decisions* of the Administrator of any question of law or fact *under* any law administered by the Veterans' Administration providing benefits for veterans . . . shall be final and conclusive and no . . . court of the United States shall have power or jurisdiction to review any such decision. . . .' (Emphasis added.) The prohibitions would appear to be aimed at review only of those decisions of law or fact that arise in the *administration* by the Veterans' Administration of a statute providing benefits for veterans. A decision of law or fact 'under' a statute is made by the Administrator in

the interpretation or application of a particular provision of the statute to a particular set of facts."

We point out that this case holds that Section 211(a) does not extend to actions challenging the constitutionality of Veterans benefits legislation, but is aimed at prohibiting review only of those decisions of law or fact arising in the administration of a statute providing for veterans benefits.

The present case is clearly within the terms of 211(a). The Robison case points out that constitutional challenge in the courts is not prohibited when the facts disclose ground for constitutional attack, but is prohibited in factual cases such as we have here.

It is thus clear that, with certain clearly defined exceptions, Congress intended to keep the issue of VA benefits out of the courts and to keep the courts out of the VA's administration of these programs. Absent some substantial issue, which is lacking here, that mandate must be honored. This Court has no choice but to dismiss plaintiffs' Complaint.

The Clerk will prepare an order that the Complaint of the plaintiffs be dismissed.